IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DOMENEQUE D. TAYLOR**                                              **PLAINTIFF**

v.                          **CASE NO. 4:23-CV-00581-JM**

**CAPITAL ONE FINANCIAL CORP.,** *et al.*                            **DEFENDANTS**

## ORDER

Domeneque Taylor's motion to proceed in forma pauperis [Doc. No. 2] is granted because she reports no assets and lives on disability income. *See* Doc. No. 1. Taylor's motion to file her complaint and exhibits under seal [Doc. No. 1] is denied as to the complaint and granted as to Exhibits 1–4 because the exhibits include personally identifiable information as well as Arkansas Crime Information Center ("ACIC") records. The Clerk is directed to keep the exhibits to Taylor's complaint sealed but to unseal the rest of the docket. Because she is proceeding pro se, Taylor's complaint is subject to screening. Her complaint must be dismissed because even liberally construed, it fails to state a claim.

I. BACKGROUND

On June 7, 2023, Taylor discovered that her social security number ("SSN") appeared on an exhibit in a debt collection case in Pulaski County Circuit Court that was accessible by the public on the Arkansas Judiciary's online case management database, Court Connect (now called Case Search). Compl. at 2, 14, Doc. No. 2. Capital One, represented by private attorneys at Gamache & Myers P.C., had brought the case against

Taylor to collect an alleged $601.70 debt. *Id*. at 14, Ex. 1. After discovering her SSN was publicly available, Taylor contacted the Pulaski County Circuit Court, which had the document removed from the website. *Id*. at 6. Taylor also contacted Gamache & Myers for an explanation and was told her case file could not be located. *Id*. at 13.

Taylor alleges that her SSN has been "in possession of attorney's (sic), creditors, citizens, courts, debt collection agencies, police officer's (sic), clerks, counties, and the state and any member of the public who knew her first name and last name, date of birth and who is computer literate enough to operate the AOC PUBLIC Court Connect." *Id.* at 8. She maintains that between October 2008 and July 2022, various unauthorized purchases were made using her name and SSN including "a car loan, numerous student loans, internet, phone & utility bill accounts." Compl. at 4. Taylor generally alleges that Defendants played a role in posting her SSN to Arkansas's online case management database, or otherwise mishandled and misappropriated her SSN. She is suing numerous defendants on a variety of claims.

First, she has sued the Administrative Office of the Courts ("AOC"), the City of Little Rock ("the City"); the Little Rock Police Department ("LRPD"); the Little Rock City Attorney's Office ("City Attorney"), Pulaski County, and AOC Director Marty Sullivan, LRPD Officer Antonio McNutt, and Pulaski County Circuit Clerk Pat O'Brien in their individual capacities under 42 U.S.C. §1983 alleging a violation of her Fourteenth Amendment right to due process. Compl. at 59–63.

Second, she has sued the above entities and individuals along with Saline County, Saline County Circuit Court, and former Saline County Circuit Clerk Doug Kidd in his individual capacity for violations of the Social Security Act, 42 U.S.C §405(c)(2)(C)(viii) and the Privacy Act of 1974, 5 U.S.C. § 552a.  Compl. at 47–48, 63–65.

Third, she has made a claim for invasion of privacy and wrongful disclosure of her SSN against Gamache & Myers, private attorneys Mark A. Waller, Donald C. Tippet, and Drew H. Davis, and Capital One Financial Corp., Capital One, N.A., and Capital One Bank (USA), N.A. (collectively "Capital One") under the Identify Theft and Assumption Deference Act, 18 U.S.C. §1028.   Compl. at 71–73.

Finally, Taylor has made various state law statutory (Ark. Code Ann. § 23-79-210(a)(1)) and tort (negligence and invasion of privacy) claims against Pulaski County, Pulaski County Circuit Court, Saline County Circuit Court, the AOC, the City, the LRPD, Officer McNutt, the City Attorney, Gamache & Myers, and Capital One.   Compl. at 47–48, 65–73. Taylor seeks monetary damages, including punitive damages, for severe emotional distress.

## II.  LEGAL STANDARD

Because Taylor is proceeding pro se, her pleadings must be screened. 28 U.S.C. § 1915(e)(2).  A pro se plaintiff must set forth enough factual allegations to "nudge [ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007).  Even self-represented plaintiffs must allege

3

facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). While this Court construes pro se complaints liberally, Taylor must at the very least allege some facts supporting a claim that can be heard by this Court. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### III.  DISCUSSION

Even liberally construing Taylor's complaint, it must be dismissed because she has failed to state a claim.

A.   <u>42 U.S.C. § 1983</u>

Taylor's §1983 claims fail to state a claim. To establish a §1983 claim, she must allege that (1) the defendants acted under color of state law and (2) their alleged wrongful conduct deprived her of a constitutionally protected federal right. 42 U.S.C. §1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). Taylor may not bring a §1983 claim with respect to the Social Security Act, 42 U.S.C. § 405(c)(2)(C)(viii) or the Privacy Act of 1974, 5 U.S.C. § 552a because she does not suggest that either creates a private cause of action for monetary damages. Her Fourteenth Amendment substantive due process claims fail because some of the defendants have immunity, and she has not adequately pleaded her claims as to the rest.

Taylor contends that defendants AOC, City of Little Rock, the LRPD, Pulaski County, Officer McNutt, Clerk O'Brien, Director Sullivan, and the City Attorney, acting under color of state law, violated her due process right to control the disclosure, publication, and submission of her SSN. Compl. at 60. Specifically, she alleges that

Officer McNutt, the LRPD, and Pulaski County Circuit Court personnel had "possession or knowledge of [her] full SSN while in uniform, on duty, and knowingly failed to safeguard the disclosure of Taylor's SSN to the Public." *Id.*  She also alleges that Officer McNutt obtained her SSN from the public Court Connect website, disclosed it in "his alleged ACIC/ATLAS report," and ran that report without her consent on the night she was arrested. *Id.*  Taylor further alleges that the Pulaski County Circuit Court, AOC, the City, and the LRPD failed to establish a policy to safeguard the disclosure of her SSN; failed to train, supervise, investigate, or discipline employees who unnecessarily disclosed an SSN to the public; and knew or should have known that public disclosure of her SSN was a violation of established law. *Id*. at 61–62.  Finally, she alleges that multiple members of the Pulaski County Circuit Court and the LRPD shared, possessed, disclosed, obtained, published, or reviewed her SSN between 2009 and 2023. *Id.* at 63.

AOC is immune from liability because it is a state agency and Taylor seeks only money damages. *See Monroe v. Ark. St. Univ.,* 495 F.3d 591, 594 (8th Cir. 2007) (state agencies have sovereign immunity against §1983 suits).

AOC Director Sullivan, Pulaski County Circuit Clerk O'Brien, and Officer McNutt, whom Taylor sues in their individual capacities as employees of the State of Arkansas, Pulaski County, or the City, are entitled to qualified immunity because a Fourteenth Amendment right to informational privacy is not a clearly established constitutional right. *See Dillard v. O'Kelley*, 961 F.3d 1048, 1054 (8th Cir. 2020) ("[T]he alleged constitutional right to informational privacy is not 'beyond debate' in the Eighth

Circuit."). Defendants are entitled to qualified immunity if: (1) the evidence, viewed in the light most favorable to the plaintiff, does not establish a violation of a constitutional right; or (2) the constitutional right was not clearly established at the time of the alleged violation, such that a reasonable official would not have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). In *Dillard*, the Eighth Circuit granted qualified immunity to various public officials and local governments who provided investigatory reports detailing child sexual abuse to tabloid news outlets, which the plaintiffs claimed violated their Fourteenth Amendment right to privacy. *Dillard*, 961 F.3d at 1050. The Eighth Circuit reasoned that the status of the right to informational privacy was "uncertain," and that "[i]f a right does not clearly exist, it cannot be clearly established." *Id.* at 1055. Because this purported right is still not clearly established, the individual defendants have qualified immunity. *See Jackson v. Ramsey Cnty. Adult Det. Ctr.*, No. 21-CV-0929, 2022 WL 2374666, at *6 (D. Minn. May 28, 2022), R&R adopted, 2022 WL 2374131 (D. Minn. June 30, 2022) ("No Eighth Circuit case since *Dillard* has shored up the status of a right to informational privacy, much less its metes and bounds."); *Howell v. Gettinger*, No. 4:23-CV-00464-CDP, 2023 WL 3433955, at *9 (E.D. Mo. May 12, 2023) (holding that after *Dillard*, "there is no right of informational privacy in the Eighth Circuit").

Taylor's claims against the City[2] and Pulaski County also fail because a

---

[2] The LRPD and City Attorney are merely subdivisions of the City and are not entities that can be sued under section 1983. *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992).

constitutional right to informational privacy has not been clearly established. A municipality may be liable where a constitutional violation is accompanied by a showing that the municipality "failed to train its employees to handle recurring situations presenting an *obvious* potential for such a violation." *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 406–07 (1997) (emphasis added). But for the potential for a constitutional violation to be "obvious," there must be a clear constitutional duty. *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 393 (8th Cir. 2007). The potential for constitutional violation was not obvious because the right to informational privacy has not been clearly established. *See Dundon v. Kirchmeier*, 85 F.4th 1250, 1257–58 (8th Cir. 2023).

B. <u>Identify Theft and Assumption Deterrence Act</u>

Taylor's claim for a violation of the Identify Theft and Assumption Deterrence Act, 18 U.S.C. § 1028, fails because that statute provides no private right of action. *See Smith v. Motor City*, No. 8:23CV48, 2023 WL 5275616, at *2 (D. Neb. Aug. 16, 2023); *see also Frison v. Zebro*, 339 F.3d 994, 999 (8th Cir. 2003) (noting the "strong presumption against recognizing a private right of action under a criminal statute").

C. <u>State Law Claims</u>

The remainder of Taylor's claims are based in state law. These are dismissed without prejudice because the balance of factors to be considered in whether to exercise supplemental jurisdiction—judicial economy, convenience, fairness, and comity—points towards declining to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3);

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

## IV.  CONCLUSION

For these reasons, Taylor's motion to proceed in forma pauperis is granted, her motion to file under seal her complaint and Exhibits 1–4 is granted in part and denied in part, and her claims against all defendants are dismissed without prejudice.

IT IS SO ORDERED this 25th day of June, 2024.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE